IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH R. NAPIER                                                                                        PLAINTIFF

        v.                              Civil No. 04-2272

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Deborah R. Napier brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See 42 U.S.C. § 405(g).*

**Procedural and Factual Background**

The plaintiff filed her application for DIB on July 18, 2002 (Tr. 23), alleging an onset date of July 2000.[1] The application was initially denied (Tr. 27) and that denial was upheld upon reconsideration (Tr. 29-31). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 33.)

---

[1] There appears to be some confusion as to when the actual onset date is. The form Application for Disability Insurance Benefits notes that plaintiff became unable to work due to a disabling condition July 15, 2002 (Tr. 57, 60), however plaintiff states in her hand-written Disability Report Adult, that she stopped working in July 2000 because of her taking medication. (Tr. 63.) Further, the Pre-Hearing Brief filed by plaintiff's attorney prior to the ALJ's hearing states that the alleged period of disability is from "July, 2000 and continuing through the present." (Tr. 92.) The ALJ states that the onset date is July 15, 2002. (Tr. 15D.)

On July 9, 2003 a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 15D.) The ALJ issued an unfavorable ruling on April 8, 2004, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 15A-O.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 8-15), which denied that request on October 22, 2004 (Tr.4-7); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed her complaint with this court on December 10, 2004, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 9-11.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 4.)

Plaintiff was 48 years of age at the time of the administrative hearing and had completed the tenth grade in high school. (Tr. 323-24.) She has worked in the past as a fishing lure painter, a home health worker, and in a chicken plant where she split backs and cut necks. (Tr. 325-27.) Her last job was as a fishing lure painter, and she left that job when she "started throwing up and having diarrhea on the line." (Tr. 325.)

Plaintiff contends that she is disabled because of "[c]oronary atherosclerosis, acute gastritis, anxiety, major depression, irritable bowel syndrome, liver disease, migraine headaches, hypertension, carpal tunnel syndrome, and hypercholesterolemia." (Tr. 92.) She claims that she meets the list of impairments as follows: Listing 12.04 (Depression), 12.06 (Anxiety), 5.05 (Chronic Liver Disease), 4.03 (Hypertensive Cardiovascular Disease), and 4.04 (Coronary athersclerosis), as well as suffering from chronic diarrhea due to irritable bowel syndrome, acute gastroenteritis, and frequent and debilitating ongoing migraine headaches. (Tr. 95.)

AO72A
(Rev. 8/82)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel,* 196 F.3d 922, 924 (8th Cir.1999) (citing *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.1994)). Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala,* 18 F.3d at 622. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing

AO72A
(Rev. 8/82)

court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion**

After the ALJ rendered his decision, plaintiff presented additional evidence to the Appeals Council. This evidence included a Mental Residual Functional Capacity Assessment (Tr. 292-298), a Mental Status and Evaluation of Adaptive Functioning report (Tr. 299-301), and a Psychiatric Review Technique (Tr. 302-314). These reports were completed by Dr. Douglas A. Brown, who specializes in Clinical Neuropsychology and works at Psychology Services of Fort Smith. (Tr. 299.) His assessment was made on June 9, 2004, but included an assessment time from 5 years earlier to the date of assessment. (Tr. 302.)

According to 20 C.F.R. § 404.970(b):

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala,* 52 F.3d 168, 171 (8th Cir.1995) (*quoting Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir.1990)). To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams v. Sullivan,* 905 F.2d at 216 (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-

decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application); *Williams v. Sullivan,* 905 F.2d at 216 (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time). Further, there must be a reasonable likelihood that it would have changed the determination. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1025 (8th Cir.2002).

In the instant matter, the ALJ states in his decision:

The claimant also alleges disability due to depression and anxiety. Ms. Napier testified she has had anxiety/depression for over 28 years, that it is mostly controlled with medication and that she has occasional flashbacks of event/occurrences. Records from the VA show that physicians there have prescribed Diazepam since at least June 2000 on a regular basis as well as other medications including, but not limited to, Zoloft, Amitriptyline, Citalopram, Prozac and Effexor at various times for the claimant's complaints of depression, stress, etc. (Exhibits 4F and 8F).

The claimant reported to Dr. Lachowsky on May 28, 2003, that she had a history of clinical depression and was also under a lot of stress. The claimant reported that she had insomnia but denied suicidal ideation and stated that she frequently dwelled on and cried about her twins who had died in an automobile accident 28 years earlier. Dr. Lachowsky prescribed Prozac at that time. However, it does not appear that the claimant has ever undergone a psychiatric evaluation or that she has ever been treated or even seen by a mental health professional. Further, it does not appear that the claimant experiences significant functional limitations as the result of a mental impairment. The claimant reports in a disability supplemental interview outline (Exhibit 2E) that she is able to care for her personal grooming needs without assistance, run errands, use a checkbook, count change, drive, use public transportation, watch television, read, and visit friends and relatives. Lastly, as reflected by the claimant's own testimony at the hearing, these symptoms are relatively well controlled by the medication she takes. The evidence as a whole reveals that the claimant experiences no restriction of her activities of daily living, mild difficulties in maintaining social functioning and mild difficulties in maintaining concentration, persistence or pace and that she has experienced no repeated episodes of decompensation of extended duration.

AO72A
(Rev. 8/82)

There is no evidence of the presence of the "C" criteria. Therefore, the undersigned finds that the claimant does not have a severe impairment with regard to her allegation of disability due to depression or anxiety.

(Tr. 15G-15H.)

According to Dr. Brown's assessment, plaintiff is "markedly limited" in her abilities to (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) maintain attention and concentration for extended periods, (4) work in coordination with or proximity to others without being distracted by them, (5) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and (6) set realistic goals or make plans independently of others. Dr. Brown found plaintiff to be "moderately limited" in her abilities to (1) remember locations and work-like procedures, (2) understand and remember very short and simple instructions, (3) carry out very short and simple instructions, (4) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, (5) sustain ordinary routine without special supervision, (6) make simple work-related decisions, (7) interact appropriately with the general public, (8) ask simple questions or request assistance, (9) accept instructions and respond appropriately to criticism from supervisors, (10) get along with co-workers or peers without distracting them or exhibiting behavioral extremes, (11) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, (12) respond appropriately to changes in the work setting, (13) be aware of normal hazards and take appropriate precautions, and (14) travel in unfamiliar places or use public transportation. (Tr. 292-94.)

Dr. Brown opines that plaintiff "is markedly impaired by depression and anxiety in ability

to deal with work stresses and maintain attention/concentration." (Tr. 296.) He further notes that plaintiff's "intellectual limitations and poor concentration due to anxiety [and] depression markedly impair [her] capacity for complex job instructions." (Tr. 296-97.) Dr. Brown also finds that plaintiff has had repeated episodes of decompensation, each of extended duration. (Tr. 312.) The record had repeated references to plaintiff's complaints concerning depression and anxiety. (Tr. 92, 103, 144, 158, 168, 173, 185, 192, 204, 221, 277, 282.)

Many of Dr. Brown's determinations contradict the findings of the ALJ as those findings pertain to the plaintiff's mental capacities and limitations brought on by depression and anxiety. For instance, Dr. Brown determined that plaintiff does suffer from some functional limitations due to her mental impairment, that she does experience restrictions of her activities of daily living, that she has more than mild difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace, and that she has experienced repeated episodes of decompensation of extended duration. Dr. Brown's assessment refers back to 1999 and includes the relevant time period for her DIB claim. These records were not before the ALJ at the time he rendered his decision. Thus, the ALJ's determination that plaintiff does not suffer from a severe mental impairment is not supported by substantial evidence of record, in light of the additional evidence submitted to and considered by the Appeals Council. For this reason, this matter must be remanded for proper analysis of all of the evidence pertaining to plaintiff's alleged mental impairments. The undersigned finds there is a reasonable likelihood that the additional evidence would have changed the ALJ's determination. *See Krogmeier v. Barnhart*, 294 F.3d at 1025.

-8-

AO72A
(Rev. 8/82)

to deal with work stresses and maintain attention/concentration." (Tr. 296.) He further notes that plaintiff's "intellectual limitations and poor concentration due to anxiety [and] depression markedly impair [her] capacity for complex job instructions." (Tr. 296-97.) Dr. Brown also finds that plaintiff has had repeated episodes of decompensation, each of extended duration. (Tr. 312.) The record had repeated references to plaintiff's complaints concerning depression and anxiety. (Tr. 92, 103, 144, 158, 168, 173, 185, 192, 204, 221, 277, 282.)

Many of Dr. Brown's determinations contradict the findings of the ALJ as those findings pertain to the plaintiff's mental capacities and limitations brought on by depression and anxiety. For instance, Dr. Brown determined that plaintiff does suffer from some functional limitations due to her mental impairment, that she does experience restrictions of her activities of daily living, that she has more than mild difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace, and that she has experienced repeated episodes of decompensation of extended duration. Dr. Brown's assessment refers back to 1999 and includes the relevant time period for her DIB claim. These records were not before the ALJ at the time he rendered his decision. Thus, the ALJ's determination that plaintiff does not suffer from a severe mental impairment is not supported by substantial evidence of record, in light of the additional evidence submitted to and considered by the Appeals Council. For this reason, this matter must be remanded for proper analysis of all of the evidence pertaining to plaintiff's alleged mental impairments. The undersigned finds there is a reasonable likelihood that the additional evidence would have changed the ALJ's determination. *See Krogmeier v. Barnhart*, 294 F.3d at 1025.

**Conclusion:**

Accordingly, the ALJ's decision, denying DIB to the plaintiff, is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for consideration of the evidence submitted to and considered by the Appeals Council, which was not before the ALJ when he rendered his decision. On remand, the ALJ should also determine the proper onset date for the plaintiff. In light of this decision, other issues raised by the plaintiff are not reached.

DATED this 2nd day of March 2006.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)